# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | RUBÉN CASTILLO | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 0240 | **DATE** | 1/17/2012 |
| **CASE TITLE** | Tavares Hunt (#2005-0020813) and Ricky Whitehead (#2010-1102110) v. County of Cook, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiffs' respective motions for leave to proceed *in forma pauperis* [docket nos. 3 and 4] are granted. The court authorizes and orders Cook County Jail officials to begin making monthly deductions from each inmate's trust fund account toward payment of the filing fee in accordance with this order. **Each plaintiff must pay a separate $350.00 filing fee.** The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However, summonses shall not issue at this time. The court dismisses the complaint on file without prejudice. The plaintiffs are granted thirty days in which to submit an amended complaint (plus a judge's copy and service copies). Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The clerk is directed to provide the plaintiffs with an amended civil rights complaint form and instructions along with a copy of this order.

■ **[For further details see text below.]**                                                                                   Docketing to mail notices.

## STATEMENT

The plaintiffs, two inmates in the custody of the Cook County Department of Corrections, have brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiffs claim that the defendants, the county and jail officials, have violated the plaintiffs' constitutional rights by interfering with the exercise of their religious beliefs and by denying them equal protection. More specifically, the plaintiffs allege that Moorish Science Temple of America services and literature are not permitted, while Christian, Jewish, and Muslim detainees are allowed to practice their religions freely.

Under the circumstances of this case, the court finds that Fed. R. Civ. P. 20(a) may permit joinder of the three co-plaintiffs litigating their claim in one action. *See Boriboune v. Berge*, 391 F.3d 852, 854-55 (7th Cir. 2004). However, the plaintiffs are advised that each co-plaintiff is obligated to pay a full, separate statutory filing fee. *Id.*, 391 F.3d at 855-56. Furthermore, pursuant to *Boriboune,* 391 F.3d at 856, the plaintiffs are alerted to the risks under Fed. R. Civ. P. Rule 11 (sanctions for frivolous pleadings) and 28 U.S.C. § 1915(g) (the "strike-out" statute). Each litigant is accountable for his co-plaintiff's claims; therefore, if one plaintiff is assessed a
**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

strike, any co-plaintiff will be assessed a strike as well. *Id.* Complaints about prison-wide practices do not require more than one plaintiff; furthermore, complaints with a common core plus additional claims by different prisoners increase each plaintiff's risks under Rule 11 and § 1915(g) without a corresponding reduction in the filing fee. *Id.* Therefore, each co-plaintiff may, if he wishes, advise the court that he wishes to "opt out" of this lawsuit. *Id.*

The plaintiffs' respective motions for leave to proceed *in forma pauperis* are granted. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff Tavares Hunt (#2005-0020813) is assessed an initial partial filing fee of $12.17. Plaintiff Ricky Whitehead (#2010-1102110) is assessed an initial partial filing fee of $13.17. The trust fund officer at the plaintiffs' current place of incarceration is authorized and ordered to collect the partial filing fee from each plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, each plaintiff's trust fund officer is directed to collect monthly payments from that plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow each plaintiff wherever he may be transferred. The trust fund officer is advised that **each co-plaintiff is obligated to pay a full, separate statutory filing fee**. *See Boriboune v. Berge*, 391 F.3d 852, 855-56 (7th Cir. 2004).

However, the plaintiffs must submit an amended complaint. The plaintiffs did not use the court's required form, *see* Local Rule 81.1 (N.D. Ill.); more importantly, the because the plaintiffs drafted their own complaint, they neglected either to indicate the relief sought, as mandated by Fed. R. Civ. P. 8, or to sign the complaint, as required by Fed. R. Civ. P. 11. The plaintiffs are advised that every document filed with the court must be signed by both co-plaintiffs.

For the foregoing reasons, the court dismisses the complaint on file without prejudice. The plaintiffs are granted thirty days in which to submit an amended complaint on the court's required form. The plaintiffs must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, the plaintiffs must provide an extra copy for the judge; they must also submit a service copy for each defendant named in the amended complaint. The plaintiffs are cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiffs want the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

The clerk will provide the plaintiffs with an amended civil rights complaint form and instructions along with a copy of this order. If the plaintiffs fail to comply within thirty days, the case will be summarily dismissed.